UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

OLGA GARCIA, on behalf of herself and
all others similarly situated,

      Plaintiff,

v.                                   Case No.:

SUN WEST MORTGAGE COMPANY, INC.,
a corporation, and REVERSE MORTGAGE
FUNDING, LLC, a limited liability company,

      Defendants.

_____/

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Sun West Mortgage Company, Inc. ("Sun West") hereby removes this action from the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, Civil Action No. 2018-019769-CA-01 (the "Circuit Court Action"), to the United States District Court for the Southern District of Florida.[1] This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). As grounds for removal, Sun West states as follows:

1.      On June 19, 2018, Plaintiff Olga Garcia filed the Complaint – Class Action (the "Complaint") in the Circuit Court Action against Sun West and Reverse Mortgage Funding, LLC ("RMF"). Sun West was served with the Complaint on July 12, 2018.

2.      In the Complaint, Plaintiff brings claims for (1) a wide array of declaratory/injunctive relief, including that the Court declare that Sun West violated Florida law

---

[1] Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Sun West's rights to assert any defense or affirmative matter, including without limitation a motion to dismiss pursuant to the Federal Rules of Civil Procedure, or any other challenge that may be appropriate as this case progresses.

in "unilaterally adding attorneys' fees and costs incurred in unsuccessful foreclosure actions against them to the balance of their mortgages"; and (2) violation of the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55, *et seq.* (the "FCCPA"), based on Sun West's alleged improper debt collection practices.

3.      Plaintiff brings her claims on behalf of herself and a putative class of those similarly situated, consisting of:

> [A]ll Floridian homeowners whose mortgages were held by investors and serviced by Sun West and/or [RMF] who were sued for foreclosure, and who prevailed in such foreclosure lawsuits either due to a voluntary dismissal or an adjudication in their favor by the court(s) as to whom Sun West and/or [RMF], in its capacity as servicer for investors, including, but not limited to Sun West and/or [RMF], in their own behalf, and in their capacity as servicer for Investors, unilaterally and arbitrarily added attorneys' fees and costs allegedly incurred in such unsuccessful foreclosure actions to the balance of their mortgages.

Compl., at ¶31.

4.      This Court has subject matter jurisdiction over this action, and all claims asserted against the Sun West, pursuant to the diversity statute. 28 U.S.C. § 1332(a).

5.      Complete diversity exists herein. First, the Plaintiff is a resident of Florida. Second, Sun West is incorporated and has its principal place of business in California. Third, from information and belief, RMF is organized under the laws of the state of Delaware and has its principal place of business in New Jersey.[2]

6.      Because this Court has subject matter jurisdiction over this action, removal of this action to this Court is proper pursuant to 28 U.S.C. § 1441.

7.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 90(c)(1) and 1441(a) because the United States District Court for the Southern District of Florida is the

---

[2]   No counsel has appeared for Defendant RMF as of this filing, although the undersigned has and will continue to endeavor to communicate directly with RMF's counsel to ascertain its consent to this removal.

federal judicial district embracing the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, where the Circuit Court Action was filed.

8.      This Notice of Removal is timely filed in compliance with 28 U.S.C. § 1446(b) because it is filed within thirty days after July 12, 2018, the date of service of process on Sun West.

9.      Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Sun West and RMF in the Circuit Court Action as of the date of this filing are attached hereto as **Exhibit "A"**.

10.      Pursuant to 28 U.S.C. § 1446(d), Sun West has filed this Notice of Removal with this Court and will serve a copy upon counsel of record for all parties and file a copy with the clerk in the Circuit Court Action.

11.      The Court may consider the allegations in the Notice of Removal and any summary judgment-type evidence offered by the parties.  *See Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000); *see also Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001) ("If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal," and may consider evidence relevant to the amount in controversy at the time of removal) (citations omitted); *Woolard v. Heyer-Schulte*, 791 F. Supp. 294, 296-97 (S.D. Fla. 1992) (holding that the allegations in the notice of removal are sufficient to establish a prima facie case for federal jurisdiction and specifically stating that the complaint's silence as to facts necessary for removal does not preclude defendant from removing the action).

12.     According to this Circuit's case law, class actions may be removed as long as one diverse plaintiff has asserted claims exceeding the jurisdictional amount. *Allapattah Servs., Inc. v. Exxon Corp.*, 333 F.3d 1248, 1253 (11th Cir. 2003).

13.     Sun West disputes that Plaintiff is entitled to bring this action against it, denies all liability, and contends that neither Plaintiff nor any putative class members can recover damages or obtain any declaratory or injunctive relief sought in the Complaint. For purposes of jurisdictional analysis, however, "the plaintiffs' likelihood of success on the merits is largely irrelevant to the court's jurisdiction because the pertinent question is what is *in controversy* in the case, not how much the plaintiffs are ultimately likely to recover."  *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010) (emphasis in original).

14.     Plaintiff's sole allegation relating to the amount in controversy is: "This is a Class Action for both damages in excess of Fifteen Thousand ($15,000.00) Dollars and equitable relief."  Compl., at ¶1.  Though Plaintiff's Complaint does not state a specific amount in damages, Exhibit B to the Complaint shows an attorney's fees judgment in the amount of $21,500 with interest at 4.75% per year, which Olga Garcia, individually, recovered against Sun West and which Sun West then added into the overall debt owed by Garcia.  *See* Compl., at ¶34-35.

15.     In Count II of the Complaint, Plaintiff characterizes Sun West and RMF's allegedly unlawful assessment of attorney's fees and costs for unsuccessful foreclosure actions as violative of section 559.72(9), Florida Statutes, which provides that it is unlawful to "[c]laim, attempt, or threaten to enforce a debt when such person knows the debt is not legitimate, or assert the existence of some other legal right when such person

knows that the right does not exist."  Compl., at ¶51 (citing Fla. Stat. § 559.72(9)).  In Count II, Plaintiff specifically seeks actual and/or statutory damages, equitable relief, interest, and attorneys' and legal assistants' fees and costs pursuant to sections 559.77(2) and 57.104, Florida Statutes.  Compl., at ¶53 (unnumbered wherefore clause following ¶53). Pursuant to section 559.77, Florida Statutes, if Plaintiff prevails, she would be entitled to (1) actual damages, (2) statutory damages, (3) punitive damages, (4) attorney's fees and costs. Taken altogether, Sun West affirms that the amount in controversy exceeds $75,000.00.

16.     For starters, Exhibit B of the Complaint may prove no less $21,500.00 worth of compensatory damages, without accounting for any pain or mental anguish, emotional damages, or loss of consortium. Second, pursuant to section 559.77 Plaintiff may be entitled to punitive damages, which in this case may exceed the jurisdictional amount on their own. Lastly, attorney's fees are includable in the diversity amount. *See Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 165 (11th Cir. 2000).

17.     With the above in mind, the amount in controversy, just for Plaintiff alone, exceeds $522,000.00. Given that there exists complete diversity between Plaintiff and Defendants, this matter falls within the Court's original jurisdiction and is removable.

18.     For the reasons stated above, Sun West respectfully submits that it has met all requirements for this Court to exercise its diversity jurisdiction.  Therefore, Sun West respectfully requests that this Court assume full jurisdiction over this action as provided by law.

Respectfully submitted, this 13th day of August 2018.

*/s/ Murray B. Silverstein*

Murray B. Silverstein
Florida Bar No. 0349216
Brian R. Cummings
Florida Bar No. 25854
murray.silverstein@gmlaw.com
brian.cummings@gmlaw.com
**GREENSPOON MARDER LLP**
401 E. Jackson Street, Suite 1825
Tampa, FL 33602 | (813) 769-7036
*Attorneys for Sun West Mortgage*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document was filed on August 13, 2018 using the CM/ECF system, and served via email to the following counsel of record:

**SERVICE LIST**

Jon Herskowitz, Esq.
Baron & Herskowitz
9100 South Dadeland Boulevard
One Datran Center, Suite 1704
Miami, Florida 33156 | (305) 670-0101
jon@bhfloridalaw.com
silvia@bhfloridalaw.com

Jeffrey M. Liggio, Esq.
Geoff Stahl, Esq.
Liggio Law
Barristers Building
1615 Forum Place, Suite 3B
West Palm Beach, Florida 33401 | (561) 616-3333
jliggio@liggiolaw.com
gstahl@liggiolaw.com
*Attorneys for Plaintiff*

*/s/ Murray B. Silverstein*
Murray B. Silverstein





| | |
|---|---|
| **Entity Name:** | **SUN WEST MORTGAGE COMPANY, INC.** |
| **Jurisdiction:** | FL |
| **Date:** | 7/12/2018 |
| **Receipt Method:** | Process Server |
| **Case Number:** | 2018-019769-CA-01 |
| **Plaintiff:** | OLGA GARCIA, ON BEHALF OF HERSELF AND ALL OTHER SIMILARLY SITUATED |
| **Defendant:** | SUN WEST MORTGAGE COMPANY, INC.; REVERSE MORTGAGE FUNDING, LLC |
| **Document Type:** | Summons, Complaint & Attachment(s)/Exhibit(s) |

## Exhibit A

18-1020

Filing # 73761839 E-Filed 06/19/2018 11:30:22 AM

IN THE CIRCUIT COURT OF THE 11th JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO: ~~2018-019769-CA-01~~

2018-019769-CA-01

Olga Garcia, on behalf of herself
and all others similarly situated,

Plaintiff,
vs.

Sun West Mortgage Company, Inc., a corporation,
and Reverse Mortgage Funding, LLC, a limited
liability company,

Defendants.
_____/

CK-237
JUL 1 2 2018
10:30 a

## SUMMONS

THE STATE OF FLORIDA:
To Each Sheriff of Said State:

YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint, in this action on:

**SUN WEST MORTGAGE COMPANY, INC.,**

by serving its Registered Agent:

**Paracorp Incorporated
155 Office Plaza Drive
1st Floor
Tallahassee, Florida 32301**

Each Defendant is required to serve written defenses to the Complaint or petition on Plaintiff's attorney,

to wit:
whose address is:

JON HERSKOWITZ, ESQUIRE
BARON & HERSKOWITZ
9100 South Dadeland Boulevard
One Datran Center, Suite 1704
Miami, Florida 33156
Tel: (305) 670-0101/Fax: (305) 670-2393
E-mail: jon@bhfloridalaw.com and silvia@bhfloridalaw.com

And

LIGGIO LAW
Jeffrey M. Liggio, Esquire
Geoff Stahl, Esquire
Barristers Building
1615 Forum Place, Suite 3B
West Palm Beach, Florida 33401
Tele: 1-561-616-3333
E-mail: jliggio@liggiolaw.com and gstahl@liggiolaw.com

within 20 days after service of this Summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or petition.

DATED ON _____6/26/2018_____ 2018.

HARVEY RUVIN, as Clerk of said Court

Filing # 73387670 E-Filed 06/11/2018 04:10:23 PM

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT, IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CASE NO.

Olga Garcia, on behalf of herself and all
others similarly situated,

Plaintiff,

vs.

Sun West Mortgage Company, Inc., a
corporation, and Reverse Mortgage
Funding, LLC, a limited liability company,

Defendants.
_____/

## COMPLAINT - CLASS REPRESENTATION

**COMES NOW**, Plaintiff, Olga Garcia, on behalf of herself and all others similarly situated, by and through her undersigned counsel, hereby sues Defendants, Sun West Mortgage Company, Inc, (Hereinafter "Sun West"), and Reverse Mortgage Funding, LLC, (hereinafter "Reverse Mortgage Funding"), and all facts being extant, and material hereto alleges:

## GENERAL ALLEGATIONS

1.      This is a Class Action for both damages in excess of Fifteen Thousand ($15,000.00) Dollars and equitable relief.

2.      Plaintiff, Olga Garcia, is, in all respects, sui juris.

3.      Defendant, Sun West, was either an assignee of, or servicer of a note and mortgage executed by Plaintiff, Olga Garcia [and her deceased husband], and is a corporation authorized to do and doing business in Miami-Dade County, Florida.

1 | P a g e

4.      Defendant, Reverse Mortgage Funding, is a mortgage servicer, who services the note and mortgage of the Plaintiff, on behalf of investors, including Sun West, and is authorized to do, and doing business in Miami-Dade County, Florida.

## BACKGROUND

5.      Today, in Florida and elsewhere, many contracts, especially adhesion contracts, like notes and mortgages, include provision(s), usually one-way provision(s), for the reimbursement of attorneys' fees and costs when the non-breaching party to the contract successfully litigates against the breaching party to the contract.

6.      The Florida Legislature has addressed one-way contractual fee provisions.[1]

7.      The Florida Courts have developed, and adhere to, a significant body of jurisprudence detailing the bifurcated process to determine entitlement to fees and costs, as well as the amount.

8.      First and foremost, a party seeking fees under this paradigm must prevail. *See Florida Community Bank, N.A., v. Red Road Residential, LLC,* 197 So.3d 1112, 1114 (Fla. 3rd DCA 2016) ("As is typical in most mortgages, the fee provision in the subject mortgage plainly entitles the Bank, as mortgagee, to the recovery of its attorney's fees if the borrower defaults on the note secured by the mortgage *and the Bank successfully brings an action to foreclose on the mortgage.")(emphasis added).*

---

[1] Florida Statute §57.105(7) states:   If a contract contains a provision allowing attorney's fees to a party when he or she is required to take any action to enforce the contract, *the court may also allow reasonable attorney's fees to the other party when that party prevails in any action,* whether as plaintiff or defendant, with respect to the contract. (emphasis added).

9. ***There is no Florida Statute, and neither is there any Florida jurisprudence, that permits a plaintiff suing under a contract to unilaterally add its alleged attorneys' fees and costs to the amount it claims is due and owing, either after the court rules in favor of the defendant against whom the litigation had been brought, or subsequent to a voluntary dismissal before a ruling by the court in the plaintiff's favor.***

10.     There is no place in the Florida Civil Justice System for "if I win, you lose; and if I lose, I still win and you still lose".

11.     Every standard Florida note and mortgage includes provision(s) whereby the lender reserves the right to charge the homeowner attorneys' fees and costs in a foreclosure action against the homeowner.

12.     For example, paragraph 6(E) of a standard Fannie-Freddie fixed rate Note states:

> If the Note holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

13.     Paragraph nine of a standard Fannie Mae/Freddie Mac mortgage states, in part:

> [i]f [ ] Borrower fails to perform the covenants and agreements contained in this Security Instrument, ... then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including ... (c) paying reasonable attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument ....
>
> Any amounts disbursed by Lender under this [section] shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such

interest, upon notice from Lender to Borrower requesting payment.

14.　Paragraph fourteen of that same form mortgage states, in part:

Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys' fees, property inspection and valuation fees. In regard to any other fees, the absence of express authority in this Security Instrument to charge a specific fee to Borrower shall not be construed as a prohibition on the charging of such fee. Lender may not charge fees that are expressly prohibited by this Security Instrument or by Applicable Law.

15.　And, paragraph twenty-two of this standard mortgage form states, in part: "Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including but not limited to, reasonable attorneys' fees and costs of title evidence."

16.　However, plaintiffs who bring foreclosure lawsuits are not exempt from the basic requirements that every plaintiff who brings a lawsuit arising out of breach of a contract, i.e. standing, breach, and damages. (Foreclosing plaintiffs must also typically prove proper acceleration of the debt. *Ernest v. Carter*, 368 So. 2d 428, 429 (Fla. 2d DCA 1979)).

17.　At times, a foreclosing plaintiff determines that it cannot prevail and voluntarily dismisses the lawsuit. In other foreclosure suits, the trial court, and sometimes an appellate court as well, adjudicates the matter in favor of the homeowner.

18.　*It is the routine practice and procedure of Defendants, without any notice to, or leave of court, to unilaterally add a sum to the outstanding loan*

*balance for its alleged attorneys' fees and/or costs incurred in an unsuccessful foreclosure action.*

19.     Having improperly added such sums, Defendants, demand such sums as part of the recovery in subsequent suits; demand such sums in exchange for satisfactions or reinstatement of the note and mortgage; and add these sums to loan modifications.

### THE GARCIA BACKGROUND

20.     Olga Garcia is the surviving spouse of Bernardo Garcia.

21.     Bernardo Garcia passed away in 2011.  Before his demise, in 2009, Bernardo Garcia obtained a reverse mortgage for their home in Miami and executed a note and mortgage with Sun West.  Olga Garcia signed the mortgage as well.

22.     Reverse Mortgage Funding, has from some indefinite date, serviced and does service the reverse mortgage.

23.     Initially, in 2012, a foreclosure action, in the name of Sun West, allegedly pursuant to the instant note and mortgage was brought against Olga Garcia, in the Circuit Court in and for Miami-Dade County, Case Number 2012-034075-CA-01.

24.     In 2014, that foreclosure action was voluntarily dismissed by Sun West. An award of attorney's fees was paid to the prevailing party, Olga Garcia's attorney (Exhibit "A, B").

25.     The attorney's fees and/or costs associated with that unsuccessful foreclosure action were added to the balance of Olga Garcia's mortgage.

26.     In 2015, a second foreclosure action, again in the name of Sun West, was brought against Olga Garcia, pursuant to the instant note and mortgage, in the Circuit Court in and for Miami-Dade County, Case number 2015-000273-CA-01.

27. In 2017, that second foreclosure action was also voluntarily dismissed. (Exhibit "C").

28. Once again, Reverse Mortgage Funding added the attorney's fees and/or costs associated with that second unsuccessful foreclosure action to the balance of Olga Garcia's mortgage.

29. The attorney's fees and costs improperly added to the balance of Olga Garcia's mortgage are part and parcel of the damages sought in this instant action.

## CLASS REPRESENTATION ALLEGATIONS

30. Pursuant to Pursuant to Florida Rules of Civil Procedure 1.220(b)(1)(A), (b)(1)(B), 1.220(b)(2) and/or 1.220(b)(3), Plaintiff, Olga Garcia, brings this claim on behalf of a Class of all Florida homeowners whose mortgages are held by Sun West and/or Reverse Mortgage Funding, and/or serviced by Sun West and/or Reverse Mortgage Funding, as well as homeowners whose mortgages are held by other investors, but serviced by Sun West and/or Reverse Mortgage Funding, against whom Sun West and/or Reverse Mortgage Funding, in its capacity as servicer of such mortgages, initiated a foreclosure action which was either adjudicated in favor of the homeowners and/or was voluntarily dismissed without any adjudication in favor of the investor and/or Sun West and/or Reverse Mortgage Funding, as to whose mortgages Sun West and/or Reverse Mortgage Funding unilaterally added significant amounts for attorneys' fees and/or costs allegedly incurred in the unsuccessful foreclosure actions to the balance of their notes/mortgages.

31. This Class consists of all Floridian homeowners whose mortgages were held by investors and serviced by Sun West and/or Reverse Mortgage Funding who were

sued for foreclosure, and who prevailed in such foreclosure lawsuits either due to a voluntary dismissal or an adjudication in their favor by the court(s) as to whom Sun West and/or Reverse Mortgage Funding, in its capacity as servicer for investors, including, but not limited to Sun West and/or Reverse Mortgage Fund, in their own behalf, and in their capacity as servicer for investors, unilaterally and arbitrarily added attorneys' fees and costs allegedly incurred in such unsuccessful foreclosure actions to the balance of their mortgages.

32.    Plaintiff alleges, on information and belief, that the number of Class members is so numerous that joinder of all of them is impractical.

33.    The members of this Class will be easily ascertained both from the records of the Defendant(s) as well as from public records kept by Florida clerks of court.

34.    The Class Representative's claim raises questions of law and fact that are common to the claims of each member of the Class. Specifically, the central issue raised by this action is whether the Defendants, Sun West and/or Reverse Mortgage Fund, could, and did, after unsuccessfully suing the class members for foreclosure, after voluntarily dismissing or losing such lawsuits, unilaterally added their attorneys' fees and/or costs allegedly incurred in bringing such unsuccessful lawsuits to the balances owed by the class members for their notes/mortgages.

35.    The claim of the Class Representative is typical of the claim(s) of each member of the Class, each of whom was unsuccessfully sued for foreclosure by the Defendant(s) and had the alleged attorneys' fees and costs of such unsuccessful suits unilaterally and arbitrarily added to the balance of their mortgages by the Defendants.  In addition to the common law and statutory claims asserted herein, the Class

Representative will also seek declaratory and/or injunctive relief to declare that the Defendants did not have the authority to add and without court permission, any such attorneys' fees and/or costs after unsuccessfully bringing suit for foreclosure, and to enjoin Defendants from violating such mandate in the future.

36.    The Class Representative is a Florida resident who will fairly and adequately protect and represent the interests of each member of the Class. Additionally, the Class Representative is fully cognizant of their responsibilities as Class Representative, and has retained experienced counsel fully capable of, and intent upon, vigorously pursuing this action.

37.    The questions of law or fact common to the Class Representative's claim and the claim of each member of the Class predominate over any question of law or fact affecting only individual members of the Class. Additionally, the prosecution of separate claims by or against individual members of the Class would create a risk of adjudication concerning individual members of the Class which would, as a practical matter, be dispositive of the interest of other members of the Class who are not parties to the adjudication or would substantially impair or impede the ability of other members of the Class who are not parties to the adjudication(s) to protect their interest. Class representation is therefore clearly superior to other available methods for the fair and efficient adjudication of this controversy.   Additionally, the Defendants' actions are generally applicable to the Class as a whole thereby making common law, statutory and declaratory/injunctive relief to the entire Class particularly appropriate.

**COUNT I**
**DECLARATORY JUDGMENT/INJUNCTIVE RELIEF**

Class Representative, Olga Garcia, hereby adopts, affirms and realleges each and

every allegation set forth in Paragraphs 1 through 37 and further alleges:

38.     This is an action for declaratory and injunctive relief pursuant to Chapter 86 of the Florida Statutes.

39.     Plaintiff, Olga Garcia, individually, and as Class Representative, contends that the Defendants, Sun West and Reverse Mortgage Funding, and each of them, did not have the right to charge them for attorneys' fees and/or costs allegedly incurred in unsuccessful foreclosure actions against them, to add such wrongful charges to the balances of their mortgages, and require payment of such wrongful charges in order to satisfy or reinstate their mortgages.

40.     Further, Plaintiff, Olga Garcia, individually, and as Class Representative, contends that there is no right, neither under contract, nor statute, nor regulation, nor the common law of Florida, that would permit the Defendants, Sun West and Reverse Mortgage Funding to unilaterally add charges for attorney's fees and/or costs incurred in unsuccessful foreclosure actions to the balance of their mortgages, and demand payment of such sums in order to satisfy or reinstate their mortgages.

41.     That as a result of such conduct by the Defendants Sun West and Reverse Mortgage Funding, the Plaintiff, Olga Garcia, individually, and  Class Members were caused to be placed in default of the notes and mortgages, worsened defaults they were already in, were forced to pay and/or owed unilaterally added charges for Defendants' attorneys' fees and/or costs incurred in unsuccessful foreclosure actions to the balance of their notes/mortgages, and demand payment of such sums in order to satisfy or reinstate their mortgages.

42.     On the facts of this case, the Plaintiff, Olga Garcia, individually, and as

Class Representative, is in doubt as to his rights and the rights of all other purported Class members under the terms and provisions of the subject contact document and Florida law.

WHEREFORE, Plaintiff, Olga Garcia, on behalf of himself and on behalf of all purported Class members, respectfully requests that this Court:

A) Take jurisdiction over this matter for purposes of rendering a declaratory/injunctive decree;

B) Having taken jurisdiction, that this Court enter an order declaring that Defendants, Sun West and Reverse Mortgage Funding by unilaterally adding attorneys' fees and costs incurred in unsuccessful foreclosure actions against them to the balance of their mortgages, violated Florida law;

C) Enter an order that by virtue of such violation of Florida law, that the Defendants, Sun West and Reverse Mortgage Funding, are estopped from unilaterally adding attorneys' fees and costs incurred in unsuccessful foreclosure actions against them;

D) Require that the Defendants, Sun West and Reverse Mortgage Funding, properly notify each and every such Class member of this Court's findings and further require that Sun West and/or Reverse Mortgage Fund fully compensate each Class member injured as a result of such wrongful conduct, including, but not limited to removing such wrongful charges, as well as any interest that has accrued on such charges, and to reimburse any Class members who already paid such wrongful charges, with interest;

E) Grant both preliminary and permanent injunctive relief to prevent any further harm resulting from such acts and/or omissions of the Defendants, Sun West and Reverse Mortgage Fund;

F) Grant such other relief as this Court deems proper; and

G) Retain jurisdiction over the parties and the subject matter to assess reasonable attorney's fees and costs to Class counsel and any and all penalties this Court deems meet and just.

## COUNT II – Violation of the Florida Consumer Collection Practices Act Against
## Sun West and Reverse Mortgage Fund

Class Representative, Olga Garcia, hereby adopts, affirms and realleges each and every allegation set forth in Paragraphs 1 through 37 and further alleges:

43.     Class Representative Olga Garcia, individually, and as Class Representative, brings this claim against the Defendants Sun West and Reverse Mortgage Funding, for damages and injunctive relief because its collection practices violate the Florida Consumer Collection Practices Act, F.S. § 559.72.

44.     In its business of collecting debts and in attempting to collect the debt, Sun West and Reverse Mortgage Funding have used the United States mail and postal services, telephones and other means and instrumentalities of interstate commerce.

45.     Fla. Stat. § 559.72(9) states, that in collecting consumer debts, no person shall:

> (9)     Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist.

46.     Olga Garcia, individually as well as the Class members are "debtors" and "consumers" as defined by Fla. Stat. § 559.55(8).

47.     Sun West and Reverse Mortgage Funding are each a "debt collector" as defined by Fla. Stat. §559.55(7).

48.     The alleged debts of Olga Garcia, individually as well as the Class members are "consumer debts" as defined by F.S. §559.55(6), in that they are obligations or alleged obligations of a consumer to pay money arising out of a transaction in which the money,

property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

49.     Sun West and Reverse Mortgage Funding acting as the holder and/or servicer of the Note and Mortgage, asserted in communications to Olga Garcia, individually as well as the Class members that they were required to pay for attorneys' fees and costs, allegedly incurred in the unsuccessful foreclosure actions that been brought against them.  Sun West and Reverse Mortgage Funding certainly knew, or in the exercise of even the slightest care, should have known, that its claims for attorneys' fees and costs allegedly incurred in such unsuccessful foreclosure actions were not legitimate and that Olga Garcia, individually as well as the Class members was not under any legal obligation to pay for those sums.

50.     Sun West and Reverse Mortgage Funding had actual knowledge that Olga Garcia, individually as well as the Class members did not owe the above-referenced amounts.

51.     This intentional and knowing conduct by Sun West and Reverse Mortgage Funding constituted an improper debt collection practice in violation of the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55, et seq. Specifically, this intentional and knowing conduct violated § 559.72(9), which makes it illegal to "[c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.".

52.     On account of the foregoing violations, Olga Garcia, individually as well as the Class members has been forced to retain the services of undersigned counsel and has agreed to pay them a reasonable fee for their services, on a contingent fee basis.

53.     Due to the violations of Florida law, as set forth above, Olga Garcia, individually as well as the Class members have been damaged and is entitled to an award of damages (actual and/or statutory) as well as declaratory and injunctive relief.

**WHEREFORE**, Plaintiff, Olga Garcia, on behalf of herself and on behalf of all purported Class members, demands judgment for actual and/or statutory damages and equitable relief against the Defendants, Sun West and Reverse Mortgage Funding, plus interest on all liquidated sums, costs and attorneys' fees pursuant to Florida Statute § 559.77(2), legal assistants' fees pursuant to Florida Statute § 57.104, and such other and further relief as this Court deems just and proper. Additionally, Olga Garcia, on behalf of himself and on behalf of all purported Class members, requests that Sun West and Reverse Mortgage Funding be enjoined from any and all further illegal collection practices and demands a trial by jury for all issues so triable.

Respectfully submitted,

BARON & HERSKOWITZ
Jon M. Herskowitz, Esquire
Florida Bar No.: 0814032
Attorney for Plaintiff
One Datran Center, Suite 1704
9100 South Dadeland Boulevard
Miami, Florida 33156
Telephone:   (305) 670-0101/Fax: (305) 670-2393
E-Mails:   Jon@bhfloridalaw.com
Secondary:   silvia@bhfloridalaw.com
By: /s/ Jon M. Herskowitz, Esquire
        Jon M. Herskowitz, Esquire
        Florida Bar No.: 0814032
And

13 | Page

LIGGIO LAW
Jeffrey M. Liggio, Esquire
Florida Bar Number: 357741
Geoff Stahl, Esquire
Co-Counsel for Plaintiff
Barristers Building
1615 Forum Place, Suite 3B
West Palm Beach, Florida 33401
Tele: 1-561-616-3333
E-mail:        jliggio@liggiolaw.com
               gstahl@liggiolaw.com
By: /s/ Jeffrey M. Liggio, Esquire
    Jeffrey M. Liggio, Esquire
    Florida Bar No.: 357741

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been electronically filed through the Florida Courts E-Filing on this 11th day of June, 2018.

/s/Jon M. Herskowitz
JON M. HERSKOWITZ, ESQ.
Florida Bar No. 814032

FILED FOR RECORD
2014 OCT -9   AM 10: 50
CLERK "HONI L (contd)
DADE COUNTY, FLA.
CircK #150

FINAL ORDERS AS TO ALL PARTIES
SRS DISPOSITION
NUMBER _____
THE COURT DISMISSES THIS CASE AGAINST
ANY PARTY NOT LISTED IN THIS FINAL ORDER
OR PREVIOUS ORDER(S). THIS CASE IS CLOSED
AS TO ALL PARTIES.
Judge's initials

**ODIS & DNLP**

Son West Mortgage

Plaintiff,

Olga Garcia

Defendant(s).

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT
OF MIAMI DADE COUNTY, FLORIDA

CASE # 2012-34075-CA-01

CIRCUIT CIVIL DIVISION

### ORDER OF DISMISSAL AND CANCELLATION OF LIS PENDENS

THIS CAUSE came before the Court, and the Court having been advised that the
Plaintiff announced its intention to voluntarily dismiss the subject case based on:

☐ Plaintiff's Filing of its Notice of Voluntary Dismissal
☑ Plaintiff's Ore Tenis Motion of Voluntary Dismissal

IT IS ORDERED AND ADJUDGED THAT:

1. This case is dismissed and the Notice of Lis Pendens filed by Plaintiff and recorded in the
public records of MIAMI DADE COUNTY, FLORIDA, regarding the real property
which is the subject of this action is hereby cancelled, vacated, discharged and shall be of
no further force or effect. The Clerk is hereby directed to record this Order to reflect
same.

2. Upon request, the Clerk is directed to return the promissory note and mortgage to
Plaintiff, after substitution of complete copies at Plaintiff's expense.

3. The Court reserves jurisdiction on any issue of fees and costs.
Plaintiff shall immediately serve copies of this Order on all parties.

DONE AND ORDERED in Chambers at Miami-Dade County, Florida this ___9___ day
of __October__, 2014

Copies to all parties on the service list

Presiding Judge

OCT 09 2014
JON I. GORDON
SENIOR JUDGE

Bk 29348 Pg 4150 CFN 20140709828 10/10/2014 16:11:11 Pg 1 of 1 Mia-Dade Cty, FL

**EXHIBIT - A**

2/1/2018                                    Miami-Dade Official Records - Print Document

CFN: 20150184795 BOOK 29505 PAGE 4295
DATE:03/12/2015  05:45:27 PM
HARVEY RUVIN, CLERK OF COURT, MIA-DADE CTY

*ordR*

IN THE CIRCUIT COURT OF THE ELEVENTH
JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE
COUNTY, FLORIDA
CIVIL DIVISION
SUN WEST MORTGAGE COMPANY,          CASE NO. 12-34075 CA 01  — 32

        Plaintiff,
vs.

OLGA GARCIA,

        Defendant.

_____

**FINAL JUDGMENT AGAINST PLAINTIFF FOR ATTORNEY'S FEES**

        THIS ACTION was heard before the Court on March 10, 2015, on Defendant's Motion

For Entry of Final Judgment Awarding Defendant's Attorney's Fees.

        IT IS ADJUDGED that Defendant, OLGA GARCIA, recover from Plaintiff, SUN WEST

MORTGAGE COMPANY, attorney's fees in the sum of $21,505.50, that shall bear interest at

the rate of 4.75% per year for which let execution issue forthwith.

        DONE AND ORDERED in Miami, Dade County, Florida this __11__ day of

_____, 2015.

                                    _____
                                    CIRCUIT COURT JUDGE

cc:     Jesus F. Bujan, Esq.
        Alex Dehgani, Esq.

**EXHIBIT - B**

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CFN: 20170068770 BOOK 30422 PAGE 3823
DATE:02/16/2017  10:09:57 AM
HARVEY RUVIN, CLERK OF COURT, MIA-DADE CTY

CIRCUIT CIVIL DIVISION
CASE NO: 2015-006273-(A-0)

Sun West Mortgage, et al.,

Plaintiff(s),

vs.

Estate of Bernardo Garcia

Defendant(s),

ORDER
GRANTING/DENYING
PLAINTIFF'S/DEFENDANT'S

FILED FOR RECORD
2017 FEB 14  PM 2:09

THIS CAUSE having come on to be heard on _____
on Plaintiff's/Defendant's Motion. : Plaintiff's Motion For Judgment
Defendant's Motion for Dismissal
and the Court having heard arguments of counsel, and being otherwise advised in the premises, it is hereupon

ORDERED AND ADJUDGED that said Motion be, and the same is hereby
Plaintiff's Motion for Judgment denied.
Defendant's motion for Dismissal Granted
without Prejudice.

DONE AND ORDERED in Chambers at Miami-Dade County, Florida this  13th

day of  Feb.                    2017

_____
CIRCUIT COURT JUDGE

Copies furnished to: Counsel of Record
UTJ41-544   261

ANTONIO MARIN
CIRCUIT COURT JUDGE

# EXHIBIT - C