UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-23289-CIV-ALTONAGA/Goodman

OLGA GARCIA,

    Plaintiff,
v.

SUN WEST MORTGAGE COMPANY, INC.
and REVERSE MORTGAGE FUNDING LLC,

    Defendants.
    _____/

## ORDER

**THIS CAUSE** came before the Court on Plaintiff, Olga Garcia's Motion for Leave to Voluntarily Dismiss Case [ECF No. 99], filed January 2, 2019. Plaintiff seeks to: (1) dismiss both her individual and putative class claims against Defendant, Sun West Mortgage Company, Inc. ("Sun West"), with prejudice; (2) dismiss her putative class claims against Defendant Reverse Mortgage Funding, LLC ("Reverse Mortgage"), with prejudice; and (3) dismiss her individual claims against Reverse Mortgage without prejudice, given a recent state foreclosure action between Plaintiff and Reverse Mortgage. (*See id.* 1–2). Plaintiff advises Sun West consents to the relief requested, while Reverse Mortgage opposes a dismissal without prejudice as to the individual issues between Plaintiff and Reverse Mortgage. (*See id.* 2).

A plaintiff may only dismiss an action without a court order by filing a notice of dismissal *before* the opposing party serves either an answer or a motion for summary judgment. *See* Fed. R. Civ. P. 41(a)(1)(A) (emphasis added). In all other instances, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "Unless the order states otherwise, a dismissal under this paragraph (2)

CASE NO. 18-23289-CIV-ALTONAGA/Goodman

is without prejudice." *Id.*

Motions for voluntary dismissal are not ordinarily granted without an award of costs and fees when the lawsuit has progressed as far as this case has. Indeed, "[a] plaintiff ordinarily will not be permitted to dismiss an action without prejudice under Rule 41(a)(2) after the defendant has been put to considerable expense in preparing for trial, except on condition that the plaintiff reimburse the defendant for at least a portion of his expenses of litigation." *McCants v. Ford Motor Co.*, 781 F.2d 855, 860 (11th Cir. 1986) (citations omitted). In *McCants*, the Eleventh Circuit reversed a district court's decision granting a motion for voluntary dismissal without providing for fees or costs reasoning that it was "clear that discovery had proceeded and that interrogatories had been served, objected to, and answered to some extent. Depositions had been taken[] [and] Appellant had obviously incurred considerable litigation expense." *Id.* (alterations added). In accordance with *McCants*, the Court will not allow a voluntary dismissal without prejudice as to Plaintiff's individual claims against Reverse Mortgage over its objection unless an order accounts for the payment of fees or costs to Reverse Mortgage.

Accordingly, it is

**ORDERED AND ADJUDGED** that the Motion **[ECF No. 99]** is **GRANTED in part** as follows:

(1) The individual and putative class claims against Defendant, Sun West Mortgage Company, Inc. and the putative class claims against Defendant, Reverse Mortgage Funding, LLC are **DISMISSED with prejudice**.

(2) Plaintiff, Olga Garcia's individual claims against Reverse Mortgage Funding are not dismissed at this time. The parties are ordered to meet and confer regarding the relief requested in the Motion and make a good faith effort to resolve the issues

presented, including payment to Reverse Mortgage of its litigation expenses in this case.

(3)   Plaintiff has until **January 30, 2019**, to renew her motion as it pertains to her individual claims against Reverse Mortgage, failing which, the case will be dismissed in its entirety with prejudice.

(4)   Given Plaintiff no longer wishes to proceed with this suit, the Amended Motion for Judgment on the Pleadings **[ECF No. 56]** is **DENIED as moot**, and the Clerk is instructed to mark the case as **ADMINISTRATIVELY CLOSED**.

**DONE AND ORDERED** in Miami, Florida, this 24th day of January, 2019.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record